EUGENIO RODRÍGUEZ ET AL., Plaintiffs and Appellants, *v.* PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, Defendant and Appellee.

No. R-68-40.        Decided March 19, 1970.

*Héctor Lugo Bougal, Delia María Auffant,* and *Delia Lugo Bougal* for appellants. *Francisco Parra Toro* and *Waldemar Del Valle López* for appellee.

PER CURIAM: Eugenio Rodríguez, by himself and in representation of his minor children, Wanda, Gilda, Raúl Edgardo, and Isabel Rodríguez González, filed a complaint against the Aqueduct and Sewer Authority for damages as a result of the death of Isabel González Rosario, mother of said minor children, with whom he lived in concubinage.

In a well-elaborated opinion, the Superior Court, Ponce Part, determined that the death of this woman was due to the negligence of defendant-appellee, Aqueduct and Sewer Authority, in leaving uncovered the opening of a water meter in a public thoroughfare, which caused Mrs. González, who was in an advanced stage of pregnancy, to fall into the opening and to be injured. From that very moment, a series of physical disorders ensued connected with the pregnancy, which culminated in her death three days later. The girl was saved by cesarean section.[1]

The trial court granted plaintiff Eugenio Rodríguez $2,000 as compensation and $8,000 to each one of the minors, Wanda, Gilda, and Raúl, stating that these minors "were in an age when they needed the company, love, and attention of their mother, who was rearing them." The court did not grant compensation to minor Isabel Rodríguez González, de-

---

[1] In case No. R-68-37, in which the Authority appealed from the same judgment, we determined not to grant the review.

livered by cesarean section as a result of appellee's negligent act, and the case of *Correa* v. *Water Resources Authority*, 83 P.R.R. 139 (1961), was cited.

Appellee has not appeared in this appeal, either in opposition to the issuance of the writ, or presenting its brief in answer to appellant's brief.

In the aforecited case of *Correa* v. *Water Resources Authority*, we did not grant separate compensation to a minor for moral suffering, and we said:

"The damages, even the moral ones, must be actually sustained and suffered by the claimant. At her tender age this child had been depending upon the deceased for a brief period and thereafter she was left under the guardianship of her grandmother who has been materially compensated. And she was too small to be admitted as having sustained mental anguish and sufferings."

This little girl was the granddaughter of Carmen Correa, concubine of the worker who died therein. The girl was one year 3 months old when he died.

There is a difference between the situation of the minor in the case of Correa, and the situation of the minor in this case. Therein, that minor was not deprived at her tender age of the attention and daily care of her grandmother nor of her mother. The minor herein, as well as her three brother and sisters, was deprived of the company, the love, the care, and attention of her mother. She was in need of such daily care, love, and attention of her mother to the same extent as her other older brother and sisters, and maybe to a greater extent, if we consider all the suffering of the fetus, as described by the magistrate in his findings, and the fact that she was delivered, prematurely, from her mother's womb under such critical conditions.

For the reasons aforestated, the judgment rendered by the Superior Court, Ponce Part, on January 19, 1958 will be reversed insofar as it denied compensation to the minor, and

another will be rendered granting said minor a compensation of $8,000 equal to that granted to her other brother and sisters for the same reasons.

Mr. Chief Justice Negrón Fernández did not participate herein.